UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | **INFORMATION** |
| v. | 26 Cr. |
| GERARD RYAN, | |
| Defendant. | **26 CRIM 1 1 7** |

## COUNT ONE
### (Securities Fraud)

The United States Attorney charges:

1.    In or about July 2021, GERARD RYAN, the defendant, purchased Kadmon Pharmaceuticals securities based on material nonpublic information about the approval by the Food and Drug Administration ("FDA") of the company's flagship drug. RYAN also tipped another person about the FDA's decision so that person could trade in Kadmon securities. RYAN obtained the information about the drug's approval from a family member employed by Kadmon. Kadmon subsequently announced to the public that its drug had received FDA approval. RYAN later sold his shares making $20,759.82 in profit.

RYAN's Trading Based on Material Nonpublic Information

2.    Kadmon was a biopharmaceutical company based in New York, New York that developed treatments for rare diseases and conditions, specifically therapies for autoimmune diseases, fibrotic conditions, and oncology. Rezurock was Kadmon's flagship drug and it was intended to treat chronic graft-versus-host disease, a serious complication that can occur after bone marrow or stem cell transplants. In or around 2021, Kadmon was conducting clinical trials on Rezurock and was seeking FDA approval for the drug.

3.      At all relevant times, Kadmon maintained the confidentiality of information around Rezurock and its FDA approval. Kadmon maintained policies prohibiting employees from disclosing confidential business information to third parties, and from insider trading on the basis of such confidential information. Kadmon also periodically reminded its employees about these policies. A family member of GERARD RYAN, the defendant, who was then working at Kadmon received these policies, including a policy stating that employees had an "ethical and legal obligations to maintain the confidentiality of information about the Company," such as "discoveries, results of or significant changes or developments in products or product lines, research or technologies, data, studies or tests." In addition to this general guidance, in June 2021, Kadmon's general counsel warned employees—including RYAN's family member—that the company's ongoing engagement with the FDA about Rezurock was "HIGHLY CONFIDENTIAL" and that "discussion about [those] activities should be limited only to within Kadmon."

4.      In or around 2021, GERARD RYAN, the defendant, regularly communicated with his family member who worked at Kadmon before purchasing shares of the company. In advance of the public announcement of the FDA's approval of Rezurock, on or about July 16, 2021, RYAN's family member told RYAN material nonpublic information regarding Kadmon's interactions with the FDA. RYAN used that information, which he knew had been shared with him in breach of his family member's duties to Kadmon, to execute securities transactions. On or about July 15, 2021, at approximately 5:58 p.m.—after the FDA had informed Kadmon that it had approved Rezurock, but before it had been publicly announced—RYAN spoke with his family member who worked at Kadmon. After the call, RYAN purchased thousands of shares of Kadmon.

RYAN had another call with his family member the morning of July 16, 2021, and afterward he purchased approximately 500 shares of Kadmon.

### RYAN Shared Material Nonpublic Information

5.      GERARD RYAN, the defendant, also shared the material nonpublic information about the FDA announcement with an associate who traded on the basis of that information. On or about July 16, 2021—before the public announcement of the FDA approval—the individual that RYAN tipped purchased 2,250 shares of Kadmon, that trader's largest purchase to date. RYAN texted that individual the ticker symbol for Kadmon and RYAN's "prediction" that Kadmon's stock price would rise approximately 355%, to "$16.99" upon the FDA announcement. RYAN's associate then sent a text message to RYAN, "What time is the news," a reference to the yet-to-be announced FDA approval, and RYAN responded with a shush emoji, "  " a reference to the nonpublic information he had shared.

### Statutory Allegations

6.      In or about July 2021, in the Southern District of New York and elsewhere, GERARD RYAN, the defendant, willfully and knowingly, directly and indirectly, by the use of a means and instrumentality of interstate commerce and of the mails, and of a facility of a national securities exchange, used and employed, in connection with the purchase and sale of a security, a manipulative and deceptive device and contrivance, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing a device, scheme, and artifice to defraud; (b) making an untrue statement of a material fact and omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaging in an act, practice, and course of business which operated and would operate as a fraud and deceit upon a person, to wit, RYAN, knowing that he had obtained material

3

nonpublic information in breach of a duty, used it to execute and cause others to execute securities transactions.

(Title 15, United States Code, Sections 78j(b) & 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; and Title 18, United States Code, Section 2.)

## FORFEITURE ALLEGATION

7.    As a result of committing the offense charged in Count One of this Information, GERARD RYAN, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense that the defendant personally obtained.

### Substitute Assets Provision

8.    If any of the above-described forfeitable property, as a result of any act or omission by the defendant:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred or sold to, or deposited with, a third party;

c.    has been placed beyond the jurisdiction of the court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which cannot be divided without difficulty;

4

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and

Title 28, United States Code Section 2461, to seek forfeiture of any other property of the

defendant up to the value of the forfeitable property described above.

(Title 18, United States Code, Section 981(a)(1)(C);
Title 21, United States Code, Section 853(p);
Title 28, United States Code, Section 2461.)

JAY CLAYTON
United States Attorney